## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

**MICHAEL E. LARSON**                                                                          **PLAINTIFF**

**v.**                                                                                          **No. 4:21CV98-JMV**

**DESOTO COUNTY ADULT**
**DETENTION FACILITY, ET AL.**                                                                  **DEFENDANTS**

### MEMORANDUM OPINION

This matter comes before the court on the *pro se* prisoner complaint of Michael E. Larson, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that, although his medical chart indicated that he was allergic to penicillin, a nurse at the DeSoto County Adult Detention Facility administered him penicillin, which caused him to break out in a severe rash and suffer pain in his legs. For the reasons set forth below, the instant case will be dismissed with prejudice for failure to state a claim upon which relief could be granted.

### Factual Allegations

In February 2021 at the DeSoto County Jail, the plaintiff filled out a medical request form seeking treatment for a "tooth split in half." Doc. 1 at 5. Nurse Brittany and Madison York administered penicillin to treat the tooth; they did not consult his medical chart, which would have revealed that the plaintiff is allergic to penicillin. He broke out in a severe rash and suffered pain in

his legs.  Jail Administrator Chad Wicker told the plaintiff that the only thing to be done was change the prescribed medication to something other than penicillin.

### Negligence

The plaintiff alleges that the nurses treating him at the jail failed to use due care when prescribing his medication, causing him to suffer a severe rash over his body and pain in his legs. These allegations sound only in negligence, and negligent conduct by prison officials does not rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986), *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668 (1986).  As such, the instant case must be dismissed for failure to state a constitutional claim.

### Conclusion

For the reasons set forth above, the instant case will be dismissed for failure to state a claim upon which relief could be granted.  A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 5th day of October, 2021.

/s/  Jane M. Virden
UNITED STATES MAGISTRATE JUDGE